UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRINA BOWIE,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1218** |
| **DARNELY HODGE, SR., ET AL.,**<br>    **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand and For Costs filed by Plaintiff Trina Bowie.[1] For the following reasons, the motion is **DENIED**.

## BACKGROUND

On March 6, 2020, Plaintiff filed suit against Defendants, Darnley R. Hodge, Sr., Jerry Martin, Michael Laughlin, Sheriff Marlin N. Gusman, and AB Insurance Company, in the Civil District Court for the Parish of Orleans, State of Louisiana,[2] expressly alleging a claim of "sex discrimination."[3] In addition, Plaintiff appears to bring a "whistle blower" type claim for "violations of local, state, and federal law."[4] Further, Plaintiff alleges she is currently "awaiting a letter from [Equal Employment Opportunity Commission ("EEOC")] formally authorizing her to file a lawsuit."[5] In her signed Charge of Discrimination,[6] attached to her state court petition, Plaintiff alleges she has been "discriminated against, in violation of Title VII of the 1964 Civil Rights Act."[7]

---

[1] R. Doc. 7. Defendants oppose this motion. R. Doc. 11.
[2] R. Doc. 1-1. Plaintiff alleges Defendant AB Insurance Company is a "liability insurer of defendants Hodge, Martin, Laughlin, and Gusman." *Id.* at ¶ 1(E). To date, Plaintiff has neither provided the true identity of this insurance company nor served any insurance company connected with this lawsuit.
[3] R. Doc. 1-1 at ¶ 58.
[4] *Id.* at ¶ 74(D).
[5] *Id.* at ¶ 72.
[6] R. Doc. 1-3.
[7] *Id.* at 2.

1

The events precipitating the filing of Plaintiff's lawsuit began on or about March 7, 2018 when Plaintiff was hired as the Director of Human Resources for the Orleans Parish Sheriff's Office ("OPSO").[8] Plaintiff alleges she began experiencing sexual harassment from the inception of her employment at OPSO. On or about March 7, 2018, as she was walking up the steps to the entrance office building, Defendant Martin, a unit manager employed at the prison, "made derogatory sexual remarks" to Plaintiff which she describes as a "cat call."[9] Plaintiff was "later told defendant Martin was protected by Chief of Investigations defendant Michael Laughlin, and not to mess with him if she wanted continued employment at OPSO."[10] Further, Defendant Hodge allegedly told Plaintiff "not to get involved with employees reporting sexual harassment incidents at OPSO after she briefed him about the complaints."[11] According to Plaintiff, during her employment at OPSO, she and Defendant Hodge had "two heated discussions" over Hodge's refusal to let her make an investigative report after an employee alleged a sexual harassment incident.[12]

After Plaintiff informed Defendant Hodge that she is required to document reported sexual harassment incidents, Defendant Hodge allegedly went out of his way to physically bump into Plaintiff "if he had an occasion to stand next to [her]," which embarrassed and humiliated Plaintiff.[13] Plaintiff alleges the physical contact escalated and, at various times between June 4, 2018 and December 8, 2018, Defendant Hodge would "touch or rub plaintiff's leg, without her consent," when he sat next to her during

---

[8] R. Doc. 1-1 at ¶ 3.
[9] *Id.* at ¶¶ 5-6.
[10] *Id.* at ¶ 7.
[11] *Id.* at ¶ 10.
[12] *Id.* at ¶ 26.
[13] *Id.* at ¶¶ 12-14.

meetings.[14] Further, Defendant Hodge allegedly would say "explicit things to her" and, on several occasions, "rub[bed] her shoulders" and "brush[ed] against [her] breasts with his body."[15] On one incident, after Plaintiff and Defendant Hodge went to dinner, Defendant Hodge allegedly "tried to kiss her" and "tried to insert his fingers into plaintiff's vagina, without her consent."[16]

In a separate series of events occurring around January 2019, Plaintiff alleges she was informed by an Internal Auditor, Jane Dimitry, that the state of the OPSO's Civil Financial Records were a "mess" and, as a result, OPSO employees were being deprived of the full benefit of their pension contributions.[17] Plaintiff alleges she "reported what Ms. Dimitry told her to both defendant Hodge, and his supervisor," and Defendant Hodge "instructed plaintiff not to get involved with the old pension plan."[18] Plaintiff appears to allege she also informed Defendant Hodge's supervisor her concerns regarding sexual harassment incidents at OPSO.

During a meeting held in March 2019, with several attendants present, Defendant Hodge allegedly, "in an intimidating tone," repeated all the violations Plaintiff had reported to Defendant Hodge's supervisor concerning "abuse of pension money benefits, sexual harassment, treatment of women and his falling in line with defendant Laughlin's corruption" and, referring to Plaintiff, Defendant Hodge stated: "there is a snake at the table and I know who you are."[19] Several days later, Plaintiff "made a formal response to Defendant Hodge's previous remark there was a 'snake at the table.'"[20] According to

---

[14] *Id.* at ¶ 15.
[15] *Id.* at ¶ 17.
[16] *Id.* at ¶¶ 21-22.
[17] *Id.* at ¶ 35.
[18] *Id.* at ¶¶ 44-45.
[19] *Id.* at ¶¶ 49-50, 51.
[20] *Id.* at ¶ 54.

3

Plaintiff, "[s]hortly thereafter she was summoned to defendant Hodge's office and wrongfully fired."[21]

On April 17, 2020, Defendants Hodge, Martin, Laughlin, and Gusman removed this lawsuit to federal court.[22] Defendants contend that, "[a]lthough the Petition is unclear as to exactly what charges Plaintiff is bringing against the Defendants . . . this is a civil action over which the United States District Court for the Eastern District of Louisiana has original jurisdiction by virtue of 28 U.S.C. § 1331, as it arises under the Constitution, laws, or treaties of the United States,"[23] explaining:

> [I]n Paragraph D of Plaintiff's Prayer for Relief, she asks that she be given 'whistle blower protection for reporting violations of local, state and federal law.' Additionally, Plaintiff states in Paragraph 72 that she is 'awaiting a letter from the EEOC formally authorizing her to file a lawsuit.' In the Plaintiff's signed Charge of Discrimination which she filed with the EEOC, Plaintiff alleged that she believed she had been discriminated against and retaliated against in violated [sic] of Title VII of the 1964 Civil Rights Act, as amended, and in violation of the Age Discrimination in Employment Act, as amended.[24]

On April 26, 2020, Plaintiff filed the instant Motion to Remand,[25] acknowledging she has alleged federal claims under 42 U.S.C. § 1983,[26] but arguing the Court nevertheless lacks removal jurisdiction over this action because "[t]he Supreme Court generally applies a presumption of concurrency to 42 U.S.C. § 1983 actions" and "28 U.S.C. § 1343 (a) (3) [sic] provides for original, but not exclusive, federal jurisdiction [over such actions]."[27] Plaintiff further argues that, even though she has brought a § 1983 claim,

---

[21] *Id.* at ¶ 55.
[22] R. Doc. 1.
[23] *Id.* at ¶ 3 (internal quotation marks, brackets, and footnote omitted).
[24] *Id.*
[25] R. Doc. 7.
[26] *Id.* at 8 ("Bowie does not dispute she may have a claim under 42 U.S.C. § 1983.").
[27] *Id.* at 7.

4

"the rest of her claims are otherwise not removable" because they "are based on violations of Louisiana statutes or rights guaranteed under the Louisiana Constitution."[28]

In their opposition to the Motion to Remand, Defendants argue, among other things, that the Court has federal subject matter jurisdiction because, in addition to alleging violations of Title VII of the 1964 Civil Rights Act and asking for whistleblower protection for violations of federal law, Plaintiff has brought a § 1983 claim and, further, [t]he Court has supplemental jurisdiction over the remaining allegations in Plaintiff's Petition."[29]

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[30] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[31]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[32] When removal is based on federal question jurisdiction, the removing party must demonstrate the case "aris[es] under the Constitution, laws, or treaties of the United States."[33] "[T]his type of jurisdiction 'is invoked by and large by

---

[28] *Id.* at 8.
[29] R. Doc. 11 at 4.
[30] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[31] 28 U.S.C. § 1441(a).
[32] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[33] 28 U.S.C. § 1331.

5

plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983).'"[34] "A single claim over which federal-question jurisdiction exists is sufficient to allow removal."[35]

If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367 if the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[36] If the state law claims "substantially predominate[]" over the federal claim, the Court "may" decline to exercise supplemental jurisdiction over the state law claims, severing and remanding these claims to state court.[37]

## LAW AND ANALYSIS

### I. Plaintiff's Motion to Remand is Denied

Under the "well-pleaded complaint" rule, a federal court has original or removal jurisdiction if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.[38] "However, a case pleading only state law claims may arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"[39] "The federal courts have jurisdiction over a state law

---

[34] *Board of Com'rs of the Southeast Louisiana Flood Protection Authority-East v. Tennessee Gas Pipeline Co., LLC*, 29 F.Supp.3d 808, 849 (E.D. La. 2014) (quoting *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005); citing *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted.")).
[35] *Id*. (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66 (1997)).
[36] 28 U.S.C. § 1367(a).
[37] *Id*. § 1367(c).
[38] *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10–11, (1983)).
[39] *Id*. (quoting *Franchise Tax Bd.*, 463 U.S. at 9).

6

claim that 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'"[40] In analyzing the jurisdictional issue before the Court, the Court also refers to the "artful pleading" doctrine, which is an "independent corollary" to the well-pleaded complaint rule.[41] "Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding the federal question."[42]

Although Plaintiff does not expressly mention § 1983 in her petition, it is clear from her allegations, as well as her Motion to Remand, that she does, in fact, bring a § 1983 claim. At minimum, Plaintiff brings a claim for sex discrimination under § 1983, which prohibits officials "acting under color of [law]" from depriving individuals of their rights "secured by the Constitution and laws,"[43] such as the Equal Protection Clause of the Fourteenth Amendment. As a result, the key issue to be resolved by the Court is not whether Plaintiff brings a § 1983 claim but, rather, whether the Court has removal jurisdiction over § 1983 actions.

Plaintiff correctly observes federal and state courts have concurrent jurisdiction over § 1983 cases.[44] However, Plaintiff incorrectly concludes this concurrent jurisdiction prevents removal of § 1983 cases to federal court. 28 U.S.C. § 1441(a), which governs the removal of cases from state to federal court, provides, in pertinent part, that "any civil action brought in a State court *of which the district courts of the United States have*

---

[40] *Id.* (quoting *Grable*, 545 U.S. at 314).
[41] *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).
[42] *Bernhard*, 523 F.3d at 551 (citing *Rivet*, 522 U.S. at 475).
[43] 42 U.S.C. § 1983.
[44] *See, e.g., Flores v. Edinburg Consol. Independent School Dist.*, 741 F.2d 773, 777 n.5 (5th Cir. 1984).

7

*original jurisdiction*, may be removed [to federal court]."[45] Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[46] "Therefore, from a plain reading of these two statutes, this action brought in part under 42 U.S.C. § 1983, is a case arising under the laws of the United States, for which this Court has original jurisdiction."[47] As the Fifth Circuit has observed, "[t]he statutory right of removal provides the defendant with an opportunity to substitute his choice of forum for the plaintiff's original choice."[48] "Unless . . . there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable."[49]

The only remaining jurisdictional issue is whether the Court may exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a) provides, in pertinent part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.[50]

Plaintiff does not dispute that all of her state law claims are "so related" to the § 1983 claim but, rather, contends one of the exceptions under subsection (c) applies.

---

[45] 28 U.S.C. § 1441(a) (emphasis added).
[46] 28 U.S.C. § 1331.
[47] *Pace v. Hunt*, 847 F. Supp. 508, 509 (S.D. Miss. 1994).
[48] *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 459 (5th Cir. 1982) (citing 14 Charles A. Wright et al., Federal Practice & Procedure § 3721, at 514 (1976)).
[49] *Id.* at 460.
[50] 28 U.S.C. § 1367(a)

8

Specifically, Plaintiff argues the Court cannot exercise supplemental over her state law claims because these claims predominate over any federal claim.[51]

"[D]istrict courts should deal with cases involving [such state law] claims in the manner that best serves the principles of economy, convenience, fairness, and comity[.]"[52] Accordingly, pursuant to § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a) ] if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."[53] "District courts only find substantial predomination 'where a state claim constitutes the real body of a case, to which the federal claim is only an appendage-only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'"[54] If "'the substance and basis of the federal claims and the state law claims in the complaint are virtually indistinguishable,'" or if "'the state law claims essentially replicate the federal claims,'" then "'the state law claims plainly do not predominate.'"[55]

In this case, the facts giving rise to Plaintiff's state law claims are virtually indistinguishable from those giving rise to her § 1983 claim. Both her state law claims and federal claims are premised on the same sexual discrimination and retaliation events which allegedly occurred during the approximate one year period Plaintiff was employed

---

[51] R. Doc. 11 at 8 (arguing "[o]ver 98% of her claims are based on violations of Louisiana statutes or rights guaranteed under the Louisiana Constitution.").
[52] *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997) (internal brackets and quotation marks omitted).
[53] 28 U.S.C. § 1367(c); *Brookshire Bros. Holding v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)
[54] *McLeland v. 1845 Oil Field Services*, 97 F.Supp.3d 855, 865 (W.D. Tex. 2015) (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003), *as amended* (Nov. 14, 2003)).
[55] *Clemmons v. Guilford Technical Community College*, 2016 WL 6078338, at *6 (M.D. N.C. Oct. 17, 2016) (quoting *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 711 (E.D. N.C. 2011)) (internal brackets omitted); *see also id.* (holding "the close interrelationship between Plaintiff's state and federal claims, including the relief requested, forecloses any finding that state claim(s) predominate over federal claim(s).").

at OPSO. Moreover, resolution of Plaintiff's federal and state claims in one action will alleviate the risk of inconsistent rulings from multiple tribunals, and will best serve the interests of economy, convenience, and fairness.[56] As a result, the Court has federal question jurisdiction over Plaintiff's § 1983 claim and will exercise supplemental jurisdiction over Plaintiff's state law claims.[57]

## II. Plaintiff's Request for Costs is Denied

Plaintiff contends she is entitled to all costs, including reasonable attorneys' fees, incurred as a result of the removal because the removal "was legally improper."[58] In response, Defendants argue remand is not appropriate and, even if it were, costs are inappropriate because "Plaintiff's Petition provides three references to federal law, which gives this Court subject matter jurisdiction and makes removal proper."[59]

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[60] "[A] court's discretion to award attorney's fees under § 1447(c) is triggered only if the court first finds that the defendant's decision to remove was legally

---

[56] *See generally, Int. College of Surgeons*, 522 U.S. at 172-73.
[57] In addition to arguing that concurrent jurisdiction over § 1983 actions precludes removal jurisdiction, and that her state law claims predominate over the federal ones, Plaintiff also argues for remand on the bases that (1) "filing a claim form with EEOC does not automatically trigger federal court jurisdiction" and (2) "[t]he vast majority of the claims involve issues for first impression under Louisiana law" which should be "decided by a Louisiana court." R. Doc. 7 at 4, 8-9. Because Plaintiff brings a § 1983 claim, a claim arising under federal law, the Court need not address the former argument in order to conclude it has federal subject matter jurisdiction and supplemental jurisdiction over Plaintiff's state law claims. With respect to the latter argument, none of the issues of "first impression" listed by Plaintiff are actually issues of first impression; rather, they are issues of law and fact that may rightfully be decided in federal court. Further, as discussed previously, principles of economy, convenience, fairness, and comity dictate that Plaintiff's closely-related state law claims should be tried with her federal law claims rather than being severed and remanded to state court.
[58] R. Doc. 7 at 9-10.
[59] R. Doc. 11 at 10.
[60] 28 U.S.C. § 1447(c).

10

improper."[61] Specifically, to determine whether an award under § 1447(c) is appropriate, courts "consider objectively the merits of the defendant's case at the time of removal," asking "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[62]

The Court has found it has federal question jurisdiction over Plaintiff's § 1983 claims and supplemental jurisdiction over her state law claims. Thus, an award of costs under 28 U.S.C. § 1447(c) is inappropriate. Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand and For Costs[63] is **DENIED**.

**New Orleans, Louisiana, this 5th day of June, 2020.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[61] *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997) (citing *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993)).
[62] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).
[63] R. Doc. 7.