## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRINA BOWIE,**<br>       **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1218** |
| **DARNELY HODGE, SR., ET AL.,**<br>       **Defendants** | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is a Partial Motion to Dismiss and In the Alternative Motion for a More Definite Statement filed by Defendants Darnley R. Hodge, Sr., Jerry Martin, Michael Laughlin, and Marlin N. Gusman.[1] For the following reasons, the Rule 12(e) motion for more definite statement is **GRANTED**, and the Rule 12(b)(6) motion to dismiss is **DENIED WITHOUT PREJUDICE**.

### BACKGROUND[2]

On or about March 7, 2018, Plaintiff was hired as the Director of Human Resources for the Orleans Parish Sheriff's Office ("OPSO").[3] Plaintiff alleges she began experiencing sexual harassment from the inception of her employment at OPSO. On or about March 7, 2018, as she was walking up the steps to the entrance office building, Defendant Martin, a unit manager employed at the prison, "made derogatory sexual remarks" to Plaintiff which she describes as a "cat call."[4] Plaintiff was "later told defendant Martin was protected by Chief of Investigations defendant Michael Laughlin, and not to mess with him if she wanted continued employment at OPSO."[5] Further, Defendant Hodge allegedly

---

[1] R. Doc. 10. Plaintiff Trina Bowie opposes this motion. R. Doc. 14. Defendants filed a reply. R. Doc. 18.
[2] The facts provided herein are as alleged in Plaintiff's state court petition, R. Doc. 1-1.
[3] R. Doc. 1-1 at ¶ 3.
[4] *Id.* at ¶¶ 5-6.
[5] *Id.* at ¶ 7.

told Plaintiff "not to get involved with employees reporting sexual harassment incidents at OPSO after she briefed him about the complaints."[6] According to Plaintiff, during her employment at OPSO, she and Defendant Hodge had "two heated discussions" over Hodge's refusal to let her make an investigative report after an employee alleged a sexual harassment incident.[7]

After Plaintiff informed Defendant Hodge that she is required to document reported sexual harassment incidents, Defendant Hodge allegedly went out of his way to physically bump into Plaintiff "if he had an occasion to stand next to [her]," which embarrassed and humiliated Plaintiff.[8] Plaintiff alleges the physical contact escalated and, at various times between June 4, 2018 and December 8, 2018, Defendant Hodge would "touch or rub plaintiff's leg, without her consent," when he sat next to her during meetings.[9] Further, Defendant Hodge allegedly would say "explicit things to her" and, on several occasions, "rub[bed] her shoulders" and "brush[ed] against [her] breasts with his body."[10] On one incident, after Plaintiff and Defendant Hodge went to dinner, Defendant Hodge allegedly "tried to kiss her" and "tried to insert his fingers into plaintiff's vagina, without her consent."[11]

In a separate series of events occurring around January 2019, Plaintiff alleges she was informed by an Internal Auditor, Jane Dimitry, that the state of the OPSO's Civil Financial Records were a "mess" and, as a result, OPSO employees were being deprived of the full benefit of their pension contributions.[12] Plaintiff alleges she "reported what Ms.

---

[6] *Id.* at ¶ 10.
[7] *Id.* at ¶ 26.
[8] *Id.* at ¶¶ 12-14.
[9] *Id.* at ¶ 15.
[10] *Id.* at ¶ 17.
[11] *Id.* at ¶¶ 21-22.
[12] *Id.* at ¶ 35.

Dimitry told her to both defendant Hodge, and his supervisor," and Defendant Hodge "instructed plaintiff not to get involved with the old pension plan."[13] Plaintiff appears to allege she also informed Defendant Hodge's supervisor her concerns regarding sexual harassment incidents at OPSO.

During a meeting held in March 2019, with several attendants present, Defendant Hodge allegedly, "in an intimidating tone," repeated all the violations Plaintiff had reported to Defendant Hodge's supervisor concerning "abuse of pension money benefits, sexual harassment, treatment of women and his falling in line with defendant Laughlin's corruption" and, referring to Plaintiff, Defendant Hodge stated: "there is a snake at the table and I know who you are."[14] Several days later, Plaintiff "made a formal response to Defendant Hodge's previous remark there was a 'snake at the table.'"[15] According to Plaintiff, "[s]hortly thereafter she was summoned to defendant Hodge's office and wrongfully fired."[16]

On March 6, 2020, Plaintiff filed suit against Defendants Hodge, Martin, Laughlin, Gusman, and AB Insurance Company in the Civil District Court for the Parish of Orleans, State of Louisiana.[17] In her state court petition, Plaintiff alleges her "petition satisfies the criteria for a sexual harassment claim and hostile work environment."[18] In addition, Plaintiff "claims 'whistleblower' status."[19] In paragraph 67 of her petition, Plaintiff sets

---

[13] *Id.* at ¶¶ 44-45.
[14] *Id.* at ¶¶ 49-50, 51.
[15] *Id.* at ¶ 54.
[16] *Id.* at ¶ 55.
[17] R. Doc. 1-1. Plaintiff alleges Defendant AB Insurance Company is a "liability insurer of defendants Hodge, Martin, Laughlin, and Gusman." *Id.* at ¶ 1(E). To date, Plaintiff has neither provided the true identity of this insurance company nor served any insurance company connected with this lawsuit.
[18] R. Doc. 1-1 at ¶ 60.
[19] *Id.* at ¶ 59.

3

forth the following actions of Defendant Gusman which allegedly constitute "negligence and breach of [his] duties to plaintiff":

- Failing to put in writing and enforcing policies and procedures consistent with the laws and Constitution of the State of Louisiana;

- Failing to grant plaintiff all of the rights and privileges she is guaranteed under the laws and Constitution of the State of Louisiana as a hired civil servant;

- Wrongfully terminating petitioner without due process and granting her whistle blower protection;

- Failing to properly report defendant Hodge for his unconstitutional and retaliatory activities;

- Failing to properly supervise defendants Martin and Laughlin;

- Failing to prevent plaintiff from being the victim of intimidation, harassment, and retaliatory firing;

- Failing to seek recusal of defendant Hodge from conducting investigations on complaints filed by plaintiff and against plaintiff because he had an inherent conflict of interest in the outcome of both;

- Failing to put in writing and enforcing policies and procedures guaranteeing Plaintiff minimum due process standards and whistle blower protection procedures to be followed by OPSO personnel; and

- Any other acts of negligence or breach of duties brought forth during the course of trial.[20]

Plaintiff additionally alleges "Defendant[] Gusman is . . . liable under the theory of respondeat superior."[21]

Also, in paragraph 67 of her petition, Plaintiff sets forth following actions of Defendant Martin and Defendant Laughlin which allegedly constitute "negligence and breach of their duties to plaintiff":

---

[20] *Id*. at ¶ 67(A)(1)-(9).
[21] *Id*. at ¶ 68.

- Failing to guarantee petitioner her rights provided by state law, and the Constitution of the State of Louisiana;

- Failing to timely take corrective action to protect plaintiff's rights;

- Laughlin's failure to properly supervise Martin;

- Participating and allowing third parties to intimidate, and harass plaintiff;

- Participating in and allowing the retaliatory firing of plaintiff;

- Wrongful termination of petitioner without due process and protection as a whistle blower; and

- Any other acts of negligence or breach of duties brought forth during the course of trial.[22]

Plaintiff does not set forth any actions of Defendant Hodge allegedly constituting "negligence and breach of [his] duties to plaintiff."

On April 17, 2020, Defendants removed this case to federal court.[23] On April 26, 2020, Plaintiff filed a motion to remand.[24] The Court denied this motion, explaining: "Although Plaintiff does not expressly mention § 1983 in her petition, it is clear from her allegations, as well as her Motion to Remand, that she does, in fact, bring a § 1983 claim"[25] and, "[a]s a result, the Court has federal question jurisdiction over Plaintiff's § 1983 claim and will exercise supplemental jurisdiction over Plaintiff's state law claims."[26]

## LAW AND ANALYSIS

Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) or, alternatively, for a more definite statement of Plaintiff's claims under Rule 12(e). [27] According to

---

[22] *Id.* at ¶ 67(B)(1)-(7).
[23] R. Doc. 1.
[24] R. Doc. 7.
[25] R. Doc. 15 at 7.
[26] *Id.* at 10.
[27] R. Doc. 10.

Defendants, "Plaintiff's Petition is inadequate because it fails to outline what claims she seeks to bring against which Defendants."[28] With respect to Defendants Gusman, Martin, and Laughlin "many of the claims that Plaintiff does attempt to assert against Defendants Gusman, Martin, and Laughlin in paragraph 67 of her Petition," but these claims "are so vague that Defendants cannot know what is meant by those claims."[29] Defendants point to the following allegations to illustrate this point:

> [I]t is unclear what Plaintiff means when she alleges that Defendant Gusman failed 'to grant plaintiff all of the rights and privileges she is guaranteed under the laws and Constitution of the State of Louisiana as a hired civil servant,' Petition at ¶ 67(A)(2), or the allegations against Defendants Martin and Laughlin that they failed 'to guarantee petitioner her rights provided by state law, and the Constitution of the State of Louisiana' and failed 'to timely take corrective action to protect plaintiff's rights.' *Id.* at ¶ 67(B)(1)-(2). Alleging violations of all of state law and the state Constitution does not adequately put Defendants on notice of what claims are being brought against them and does not allow Defendants to properly prepare their defense.[30]

With respect to Defendant Hodge, Defendants point out that, "although many of the factual allegations in the Petition relate to Defendant Hodge, Plaintiff fails to specify what, if any, claims she seeks to bring against him."[31] Defendants contend that, "[b]ecause Defendant Hodge is unable to determine the claims Plaintiff seeks to make against him, he has not been put on notice regarding the claims against him in order to adequately defend himself against those claims."[32]

"While a motion to dismiss under Rule 12(b)(6) attacks a pleading for failing to allege a cognizable legal theory eligible for some type of relief, a Rule 12(e) motion for more definite statements attacks pleadings that do, in fact, state cognizable legal claims

---

[28] R. Doc. 10-1 at 18.
[29] *Id.* at 19.
[30] *Id.*
[31] *Id.* at 18.
[32] *Id.*

but that fail to state them with sufficient particularity."[33] "If [a] complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e)."[34] Rule 12(e) allows a party to move for a more definite statement of a complaint when it is "so vague or ambiguous that the party cannot reasonably prepare a response."[35]  The Supreme Court has provided that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[36] "A complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist."[37] The district court "is given considerable discretion in deciding whether to grant a Rule 12(e) motion."[38]

The Court finds the claims alleged by Plaintiff in her state court petition are vague and ambiguous, for the reasons set forth by Defendants. Accordingly, the amendment is needed to provide a more definite statement pursuant to Rule 12(e).

Amendment is appropriate for an additional reason. In her opposition to the instant motion, Plaintiff alleges for the first time that "defendants as a group conspired to and carried out a plan with the goal of creating a hostile work environment" and "Hodge committed numerous civil batteries on her person."[39] The Court construes these

---

[33] *Martin v. Tesoro Corp.*, No. 2:11-CV-1413, 2012 WL 1866841, at *2 (W.D. La. May 21, 2012) (citations omitted).

[34] *McNealy v. Becnel*, Civil Action No. 14–2181, 2015 WL 3466010, at *3 (E.D. La. May 29, 2015).

[35] Fed. R. Civ. P. 12(e). *See also Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

[36] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[37] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

[38] *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).

[39] R. Doc. 14 at 12, 16.

additional factual allegations in Plaintiff's opposition as a request for leave to file an amended complaint.[40] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[41] A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[42] In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[43]

In this case, Plaintiff has not previously sought the Court's leave to file an amended complaint. Further, this case is in the very early stages of litigation; no scheduling order has been issued yet. As a result, if Plaintiff fails to file an amended complaint with sufficient factual allegations supporting her claims against Defendants, adequate time will remain for Defendants to bring a new motion to dismiss or motion for summary judgment. Accordingly, Defendants will not be unduly prejudiced by virtue of allowance of this amendment.

To ensure that Defendants prepare an adequate response to Plaintiff's claims, Plaintiff shall file a superseding, amended complaint setting forth:

(1) all causes of action asserted by each Plaintiff against each Defendant,

(2) the specific factual basis for each cause of action against each Defendant,

---

[40] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).
[41] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).
[42] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).
[43] Jones v. Robinson Prop. Grp., LP, 427 F.3d 987, 994 (5th Cir. 2005).

(3) the specific federal or state law basis for each cause of action with references to the underlying statutes and/or constitutional provisions giving rise to the cause of action,

(4) whether each defendant is being sued as an individual and/or in his official capacity for each cause of action,

(5) the nature of the damages claimed under each cause of action, and

(6) the basis of Plaintiff's standing to bring each cause of action she asserts.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

**IT IS ORDERED** that Defendants' Rule 12(e) motion for more definite statement is **GRANTED**. Plaintiff shall file a superseding, amended complaint, incorporating all allegations and prayers for relief, no later than **Thursday, June 25, at 5:00 p.m.**

**IT IS FURTHER ORDERED** that Defendants' Rule 12(b)(6) motion to dismiss is **DENIED WITHOUT PREJUDICE**. Defendants are free to re-urge their motion to dismiss after Plaintiff amends her complaint.

**New Orleans, Louisiana, this 11th day of June, 2020.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**